UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   23-CR-14042-CANNON/MAYNARD

UNITED STATES OF AMERICA

v.

STEVEN SCHRECK,
    a/k/a "EUGENE SANDBURG,"

                    Defendant.
_____/

## TRIAL BRIEF

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files its Trial Brief in the above-referenced matter.

## BACKGROUND

On September 28, 2023, a federal grand jury in the Southern District of Florida returned an Indictment charging Steven Schreck, a/k/a "Eugene Sandburg" ("Schreck"), with use and attempted use of a passport, the issue of which was secured by reason of a false statement, in violation of 18 U.S.C. § 1542 (Count One), and making a false statement in a passport application, in violation of 18 U.S.C. § 1542 (Count Two) [ECF No. 1].

Count One of the Indictment alleges that Schreck "used and attempted to use" his 2011 passport, which was secured by reason of a false statement, when he submitted it with a passport renewal application he tendered in April 2021.   Schrek's 2011 passport was secured by reason of a false statement, in that Schreck falsely represented his place of birth and date of birth in his 2011 passport renewal application.

1

Count Two of the Indictment alleges that Schreck made a false statement in his 2021 passport renewal application, in that Schreck declared under penalty of perjury that he did not include any false documents in support of his 2021 passport renewal application. Schreck, however, included his fraudulent 2011 passport with his 2021 passport renewal application. Schreck's 2011 passport was obtained by fraud in that Schreck knowingly misrepresented his date of birth and place of birth in his 2011 passport renewal application. Schreck's 2011 passport was "false" in that it listed a false date of birth and false place of birth.

On November 3, 2023, the United States filed an omnibus motion *in limine*, requesting the Court to permit the United States to introduce certain evidence during its case-in-chief, either as intrinsic evidence, or pursuant to Federal Rule of Evidence 404(b) [ECF No. 12].

Specifically, the United States sought to admit portions of a recorded interview, during which Schreck confessed and explained his motive for committing the crimes charged in the Indictment, along with Schreck's passport applications from 1978, 1999, and 2011, in which he falsely represented, among other things, his place of birth and date of birth.

During the recorded interview, which took place on March 20, 2023, at Schreck's residence in Port Saint Lucie, Florida, Schreck advised that in 1977 he assumed the identity of another person, Eugene Sandburg. Schreck explained that at that point in his life, he "had the State of Oregon, the federal government, and everybody else you can think of looking for [him] because [he] absconded from a prison." Schreck stated that he was an "escaped federal prisoner" and did not want to get caught. Schreck advised that prior to assuming Eugene Sandburg's identity, he "had spent almost 10 years in various prisons." Schreck also detailed other escapes from prison. Schreck explained that starting in 1978, he used Eugene Sandburg's identity to obtain various United States' passports that depicted his picture with Sandburg's identifying information.

2

Schreck stated that this wasn't the first time he had done something like this, and that he had "used numerous names." Schreck also provided his correct date of birth, and place of birth. Schreck admitted that he knew what he was doing was illegal and didn't care.

The United States submits that evidence of Schreck's criminal history, as set forth in his recorded interview, along with Schreck's prior passport applications, are inextricably intertwined with the offenses charged in the Indictment, and therefore, not subject to Rule 404(b).[1] Alternatively, the United States contends this evidence is admissible to establish Schreck's motive, intent, knowledge, identity, absence of mistake, and lack of accident with respect to the crimes charged in the Indictment.

On December 8, 2023, Schreck filed a motion to dismiss the Indictment, in which he claimed the United States failed to state prosecutable offenses in Counts One and Two [ECF No. 16].

On December 12, 2023, the Court held an evidentiary hearing on the United States' motion *in limine*. During the hearing, the United States introduced Schreck's passport applications from 1978, 1999, 2011, and 2021 (GX3, GX4, GX5, and GX6), and two clips from Schreck's recorded interview (GX1 and GX2)[2] for the Court's consideration [ECF Nos. 17-18]. The United States also played the clips (GX1 and GX2) during the hearing.

On December 13, 2023, the Court granted the United States' motion *in limine*, in part [ECF. No. 21]. The Court found that Schreck's passport applications from 1978, 1999, 2011, and 2021

---

[1] To be clear, the United States does not intend to admit the nature of Schreck's prior criminal convictions at trial; rather, the United States simply seeks to admit Schreck's statements about his criminal history, and his motive for committing passport fraud, as set forth in his recorded interview.

[2] GX1 is approximately six minutes long. GX2 is approximately five and 1/2 minutes long.

3

are intrinsic to the charged offenses and, therefore admissible at trial, and alternatively, the Court found that Schreck's prior passport applications are properly admitted under Rule 404(b) as proof of his intent, knowledge, motive, and absence of mistake, and lack of accident [ECF No. 21 at pgs. 4-7].

As for the portions of Schreck's recorded interview, the Court found that GX1 is intrinsic to the charged offenses and, therefore admissible in its entirety at trial, and alternatively, the Court found that GX1 is properly admitted under Rule 404(b) as proof of Schreck's intent, knowledge, motive, and absence of mistake, and lack of accident [ECF No. 21 at pg. 4].

With respect to GX2, the Court found that GX2 is intrinsic to the charged offenses and, therefore admissible at trial, *in a slightly narrower form than proposed by the United States* [ECF No. 21 at pg. 4]. The Court also found that GX2 is properly admitted under Rule 404(b) as proof of Schreck's intent, knowledge, motive, and absence of mistake, and lack of accident, albeit *in a slightly narrower form than proposed by the United States*.

The Court noted that: (1) Schreck's statement that in 1977 he assumed the identity of Eugene Sandburg, because he was an "escaped federal prisoner"; (2) Schreck's statement that he continued to used Sandburg's identity for decades following 1977; (3) Schreck's statement that he used numerous names during the course of his life; and (4) Schreck's general references to his criminal history and prior periods of incarceration are directly relevant to Counts 1 and 2 of the Indictment because they go straight to Schreck's alleged willful intent and knowledge of the acts charged [ECF No. pg. 5].

The Court, however, directed the United States to redact "certain arguably unduly prejudicial statements" from GX2, to wit: (1) Schreck's statement that he "grew up in the college of criminology"; (2) Schreck's statement that he "spent almost 10 years in various prisons"; (3)

4

Schreck's statement that he had been "in the Oregon system"; and (4) Schreck's statement that he spent time in a "juvenile joint" [ECF No. 21 at pg. 5]. The Court also noted that it would issue an appropriate cautionary instruction when this evidence is admitted at trial.

The United States has made the redactions to GX2 ordered by the Court and submitted them to defense counsel for review.[3]

On January 8, 2024, the Court entered an order denying Schreck's motion to dismiss [ECF No. 25].

This matter is currently set for trial on February 6, 2024 [ECF No. 30].

## TRIAL EVIDENCE

The United States anticipates the evidence introduced at trial will establish the following: Schreck was born on December **X**, 19**XX**, in Newark, New Jersey.

In 1977, Schreck decided to start a new life for himself and assumed the name of Eugene Sandburg. Sandburg was born on June 7, 1944, in Kansas City, Kansas, and died on March 18, 1977, in a motorcycle accident. Schreck was in Kansas City when Sandburg died, and read a newspaper article about his death.

In 1978, Schreck submitted an application for a United States' passport, using Sandburg's identity. In the application, Schreck listed his name as Eugene Sandburg and claimed he was born on June 7, 1944, in Kansas City, Kansas, *all of which was false*. Schreck was living in Detroit, Michigan at the time. Schreck signed the application and verified that the information contained therein was true and correct. Schreck also submitted a purported copy of Sandburg's birth

---

[3] The United States does not believe there are any outstanding objections regarding GX2.

certificate to proof his citizenship, and a copy of Sandburg's driver's license to prove his identity.[4] The application was approved, notwithstanding Schreck's false representations, and Schreck began his new life as Eugene Sandburg.

At some point in the early 1980s, Schreck moved to the Southern District of Florida.

In 1987, Schreck filed a petition in Saint Lucie County to change his name to Eugene Sandburg, which was granted in 1988. Schreck admitted in the petition that he was born on December **X**, 19**XX**, in Newark, New Jersey. Schreck also admitted he was a convicted felon, and listed at least some of his felony convictions. Schreck stated in the petition that he first assumed the name of Eugene Sandburg in 1977, when he was living in Detroit, Michigan.

In 1999, Schreck submitted another passport application, via U.S. mail. Schreck listed his name as Eugene Sandburg. Schreck also claimed he was born on June 7, 1944, in Kansas City, Kansas, *which was false*. Schreck was living in Port Saint Lucie, Florida at the time. Schreck signed the application and verified that the information contained therein was true and correct. *Schreck submitted his current passport with his application to prove his identity*. The application was approved, notwithstanding Schreck's false representations.

In 2011, Schreck submitted a passport renewal application via U.S. mail, presumably because his prior passport had expired. Schreck listed his name as Eugene Sandburg. Schreck also claimed he was born on June 7, 1944, in Kansas City, Kansas, *which was false*. Schreck was living in Stuart, Florida at the time. Schreck signed the application and verified that the information contained therein was true and correct. *Schreck submitted his current passport with*

---

[4] The records from the Department of State pertaining to Schreck's 1978 passport application do not reflect whether he submitted a copy of Sandburg's actual driver's license, or a fraudulent driver's license with Sandburg's information and Schreck's picture.

*his application to prove his identity*. The application was approved, notwithstanding Schreck's false representations.

On April 29, 2021, Schreck submitted a passport renewal application via U.S. mail, presumably because his prior passport was about to expire. Schreck mailed the passport renewal application from the United States Post Office in Stuart, Florida. Schreck listed his name as Eugene Sandburg, but this time he claimed he was born on December **X**, 19**XX**, in Newark, New Jersey, which was true. Schreck was living in Stuart, Florida at the time. Schreck signed the passport renewal application and verified that the information contained therein was true and correct, *and that he did not include any false documents in support of the passport renewal application*. However, in support of the passport renewal application, Schreck submitted his fraudulent 2011 passport.[5] Therein lies Schreck's Achilles' heel. Schreck's 2011 passport contained false information in that it listed his date of birth as June 7, 1944, and place of birth as Kansas City, Kansas. The passport renewal application was not approved, and the matter was referred to the Diplomatic Security Service ("DSS") due to discrepancies between Schreck's date of birth and place of birth on his prior passport applications and his 2021 renewal application.[6]

---

[5] Schreck did not provide any other identification documents with his 2021 passport renewal application, *as his 2011 passport served that very purpose*. Where a passport is used for such purposes as identification or proof of citizenship, such use is covered by the plain language of Section 1542. *See, e.g., United States v. Wilson*, 512 F. App'x 75, 77 (2d Cir. 2013) ("[W]e think it clear that passports are commonly used, and are issued to be used, not only in connection with international travel, but also for such purposes as identification and proof of citizenship.").

[6] To be clear, Schreck never obtained a lawful United States passport in the first instance. Each and every passport Schreck obtained was fraudulent because he lied on each application. Put another way, Schreck has never possessed a valid United States passport. Thus, he was not entitled to "renew" his passport via the mail.

7

On March 20, 2023, DSS Special Agents Nasri Qurraa and Joseph Kellum interviewed Schreck at his residence in Port St. Lucie, Florida.  In summary, Schreck admitted he assumed Eugene Sandburg's identity in 1977, and stated that he did so because he wanted to escape his checkered past.  Scheck admitted his given name was Steven Schreck, and that he was born on December **X**, 19**XX**, in Newark, New Jersey.  Schreck advised that in 1977, he assumed Eugene Sandburg's identity because he was an "escaped prisoner" and did not want to get caught. Schreck explained that at that point in his life, he "had the State of Oregon, the federal government, and everybody else you can think of looking for [him] because [he] absconded from a prison." Schreck advised that he had "used numerous names" throughout his life.  Schreck further explained that starting in 1978, he used Eugene Sandburg's identity to obtain various United States' passports that depicted his picture with Sandburg's identifying information.  Schreck was presented with and identified his 1978, 1999, 2011, and 2021 passport applications.  Schreck admitted, among other things, that he misrepresented his place of birth and date of birth in his 2011 passport renewal application.

The United States intends to call three witnesses during its case-in-chief: (1) Diplomatic Security Service ("DSS") Special Agent Nasri Qurraa; (2) Aura Arauz-Figueroa, Fraud Prevention Manager, United States Department of State; and (3) United States Postal Inspector Joe Wisneski [ECF No. 33].

The United States intends to introduce the following exhibits at trial:

| | | |
|---|---|---|
| GX1 | | Recorded Interview of Defendant Clip 1 |
| GX2 | | Recorded Interview of Defendant Clip 2 |
| GX3 | | Defendant's 1978 Passport Application |
| GX4 | | Defendant's 1999 Passport Application |
| GX5 | | Defendant's 2011 Passport Renewal Application |
| GX6 | | Defendant's 2021 Passport Renewal Application |
| GX7 | | Death Certificate for Hervey Eugene Sandburg |

        GX8                Gravestone for Hervey Eugene Sandburg
        GX9                DS-82 Instructions

[ECF No. 32].

All of these exhibits have been provided to defense counsel. The United States does not believe there are any objections to the admission of these exhibits.

On January 16, 2024, the United States filed its proposed jury instructions [ECF No. 27].

On January 27, 2024, Schreck filed his proposed jury instructions [ECF No. 37].

To the extent Schreck intends to rely on an entrapment-by-estoppel defense, Schreck must first identify a specific government official who *erroneously* and *affirmatively* represented *directly* to him that that his conduct was legal. *United States v. Alvarado*, 808 F.3d 474, 485 (11th Cir. 2015) ("[E]ntrapment-by-estoppel requires a showing that a government official *affirmatively* communicated to the defendant the official's approval of the conduct at issue.") (emphasis added); *United States v. Eaton*, 179 F.3d 1328, 1332 (11th Cir. 1999) ("For a statement to trigger an entrapment-by-estoppel defense, it must be made directly to the defendant . . . The defense applies only when an official *tells a defendant* that certain conduct is legal[.]") (internal marks, citation, and footnote omitted; emphasis in original); *United States v. Billue*, 994 F.2d 1562, 1568 (11th Cir. 1993) ("The defense of entrapment by estoppel may apply under certain circumstances when a government official *erroneously* tells a defendant that conduct is legal and the defendant, believing the official, acts on the advice.") (emphasis added); *accord United States v. Ray*, 411 F.3d 900, 904 (8th Cir. 2005) ("[A]n incomplete explanation of law cannot support an estoppel-by-entrapment defense. The reason is that . . . it is not the law that a person is presumed to know what is illegal based only on what the government tells him. Rather, people are generally presumed to be aware of the criminal laws. For [a defendant] to have a viable defense of

9

entrapment by estoppel, then, there must have been an affirmative misrepresentation.") (internal citations omitted); *United States v. Benning*, 248 F.3d 772, 776 (8th Cir. 2001) ("Benning claims that he was further misled by the language of the exceptions in the ATF form, which he reasonably relied upon before filling out ATF Form 4473 to obtain his firearms. Again, there was no affirmative misconduct by a government official in the wording of the exceptions. There is no evidence that a government official ever informed Benning that he could legally own or possess a firearm. *At most, Benning suffered from a lack of explanation rather than an affirmative misleading interpretation of the statute*.") (emphasis added).

        Respectfully submitted,

        MARKENZY LAPOINTE
        UNITED STATES ATTORNEY

By:   **/s/Michael D. Porter**
        Michael D. Porter
        Assistant United States Attorney
        Florida Bar# 0031149
        101 South U.S. Highway 1
        Suite 3100
        Fort Pierce, Florida 34950
        Telephone: (772) 293-0950
        Email:michael.porter2@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on January 31, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by either regular U.S. mail or inter-office delivery.

                                              **/s/Michael D. Porter**
                                              Michael D. Porter
                                              Assistant United States Attorney